# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| A.B., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 17-cv-577 |
| | ) |
| HAWAII MEDICAL ASSURANCE ASSOCIATION, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS**

Plaintiff A.B. herein sets forth the allegations of her Complaint against Defendant HAWAII MEDICAL ASSURANCE ASSOCIATION as follows:

*Preliminary Allegations*

1. <u>Jurisdiction</u>: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit

plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

3. Plaintiff is a resident of the City and County of Honolulu in the State of Hawaii.

4. Plaintiff is proceeding under a pseudonym because the evidence to be presented in this matter contains highly sensitive personal information related to her mental health. The evidence includes treatment notes and other records documenting Plaintiff's medical and personal history, and describe the nature of her complex and fragile physical and mental health, both as a minor and a young adult.

5. The Ninth Circuit allows parties to use pseudonyms "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Here, the circumstances of Plaintiff's medical history outweigh the public's interest, and there is no prejudice to Defendant.

6. Plaintiff was at all relevant times a covered beneficiary under an employee medical benefit plan (the "Plan") regulated by ERISA and pursuant to which Plaintiff is entitled to health care benefits.

7. Health benefits under the Plan are administered by Defendant Hawaii Medical Assurance Association ("HMAA"). Plaintiff is informed and believes that HMAA is a corporation with its principal place of business in Honolulu, Hawaii, authorized to transact and

transacting business in this judicial district, and can be found in this district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C § 1132(e)(2).

*First Claim for Relief Against
Defendant for Denial of Benefits*

8. Plaintiff incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff is a young woman who has a history of mental illness, including a psychotic disorder, and substance abuse problems.

10. On or about October 26, 2015, Plaintiff was admitted to the emergency room of Castle Medical Center, a psychiatric hospital in Hawaii, for treatment of her conditions.

11. On or about November 4, 2015, Plaintiff was released from Castle Medical Center in order for her to receive more specialized residential mental health treatment. On the same day she flew to Texas for continuing treatment at Origins Recovery Center, located in South Padre Island, Texas.

12. Plaintiff's treatment at Origins did not progress well and included the necessity for treatment at the psychiatric ward at a hospital in nearby Brownsville, Texas.

13. Due to the severity of Plaintiff's condition and Origin's inability to effectively treat her, Origin recommended that Plaintiff continue her treatment at Creative Care, a treatment center located in Malibu, California.

14. Plaintiff was admitted to Creative Care on November 13, 2015.

15. In connection with her admission, Plaintiff and Creative Care submitted a claim for benefits under the Plan for Plaintiff's treatment at Creative Care to Defendant.

16. Defendant referred Plaintiff's claim for benefits to its mental health administrator, Cigna Behavioral Health, Inc. ("Cigna").

17.     On or about November 20, 2015, Cigna informed Plaintiff that it was denying her claim for benefits on the ground that her treatment was not medically necessary under the terms and conditions of the Plan.

18.     Plaintiff appealed Cigna's decision under the terms and conditions of the Plan.

19.     On or about February 12, 2016, Cigna upheld its denial of Plaintiff's claim for benefits, again on the ground that her treatment was not medically necessary under the terms and conditions of the Plan.

20.     Having exhausted her internal Plan appeals, Plaintiff submitted a request for an external review by an independent review organization ("IRO").

21.     Plaintiff's IRO request was approved and referred to HHC Group.

22.     On or about May 3, 2016, HHC Group issued its report, in which it upheld Cigna's determination.

23.     Because Defendant refused to pay for her treatment, Plaintiff incurred the cost of her treatment at Creative Care from November 13, 2015 through January 13, 2016.

24.     Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

   a. Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

   b. Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

    c.   After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

    d.   Failure to pay for the level of care which Defendant determined was medically necessary; and

    e.   Failure to properly and adequately investigate the merits of the claims and/or provide alternative courses of treatment.

25. Plaintiff is informed and believes and thus alleges that Defendant wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

26. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

27. As a direct and proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

28. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

29. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan.

### *Second Claim for Relief Against Defendant*

30. Plaintiff refers to and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

   a. Reimbursement of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

   b. A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan; and

   c. Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participant under the Plan.

*Request for Relief*

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of all health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.


DATED:  December 1, 2017                    FOR THE PLAINTIFF:


                                                    BY:   /s/ Mark DeBofsky

Mark DeBofsky, Esq. (Hawaii Bar No. 8311)
DeBofsky, Sherman & Casciari P.C.
200 W. Madison St., Suite 2670
Chicago, IL 60606
Phone: (312) 561-4040
Fax: (312) 929-0309
e-mail:  mdebofsky@debofsky.com

Lisa S. Kantor, Esq.
Peter S. Sessions, Esq.
Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA 91324
Phone: (818) 886-2525
Fax: (818) 350-6272
e-mail: lkantor@kantorlaw.net
e-mail: psessions@kantorlaw.net

ATTORNEYS FOR PLAINTIFF